# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER DEMMERLE and RONNIERY DE LA CRUZ, and PENG LI individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>LEGOLAND NEW YORK, LLC and LEGOLAND DISCOVERY CENTRE (MEADOWLANDS) LLC,<br><br>       Defendants. | Civil Action No.: 23-cv-11141-KMK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiffs Christopher Demmerle, Ronniery De La Cruz, and Peng Li bring this action on behalf of themselves, and all others similarly situated against LEGOLAND New York, LLC and LEGOLAND Discovery Centre (Meadowlands) LLC ("Defendants"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF THE ACTION

  1. For over a year, Defendants have been nickel and diming visitors to its amusement parks, LEGOLAND New York Resort and the LEGOLAND Discovery Center Westchester, on their websites in violation of the New York Arts and Cultural Affairs Law § 25.07(4). Whenever a visitor selects a park ticket on the website legoland.com/new-york/ or https://www.legolanddiscoverycenter.com/westchester/, he or she is quoted a fee-less price, only to be ambushed by a $4.99 "processing fee" at checkout after clicking through the various

1

screens required to make a purchase. This cheap trick has enabled Defendants to swindle substantial sums of money from their customers.

2. To stop this hustle, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id.* This latest version of the law went into effect August 29, 2022. *See* Exhibit A.

3. For these reasons, Plaintiffs seek relief in this action individually, and on behalf of all other ticket purchasers for Defendants' amusement parks and/or museum for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendants. Defendants sold at least 100,000 tickets to their amusement parks through their websites during the applicable class period, and are liable for a minimum of fifty dollars in statutory damages for each ticket sold. There is minimum diversity under 28 U.S.C. § 1332(d) because many class members who visit Defendants' amusement park come from other states and other countries. As noted in footnote 1, *infra*,

approximately one-fifth of all visitors to Defendants' website come from outside the United States.

5. This Court has personal jurisdiction over Defendants because Defendants operate amusement parks and/or a museum in the state of New York and sell tickets to visit these parks and or museum through their websites.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants' amusement parks and/or museum is located in this District, and because Plaintiffs purchased tickets to visit Defendants' amusement parks and/or museum in this District.

## PARTIES

7. Plaintiff Chris Demmerle is an individual consumer who, at all times material hereto, was a citizen and resident of Hawley, Pennsylvania. Plaintiff Demmerle purchased four one-day passes to Defendant's amusement park, LEGOLAND New York, in Goshen, New York on October 10, 2023 through Defendant's website, legoland.com/new-york/. The transaction flow process he viewed on Defendant's website was substantially similar to that depicted in Figures 1 through 5 in this complaint.

8. Plaintiff Ronniery De La Cruz is an individual consumer who, at all times material hereto, was a citizen and resident of Mohegan Lake, New York. Plaintiff De La Cruz purchased two one-day passes to Defendant's amusement park, LEGOLAND New York, in Goshen, New York on August 8, 2023 through Defendant's website, legoland.com/new-york/. The transaction flow process he viewed on Defendant's website was substantially similar to that depicted in Figures 1 through 5 in this complaint.

9. Plaintiff Peng Li is an individual consumer who, at all times material hereto, was a citizen and resident of Queens, New York. Plaintiff Li purchased two adult admission tickets

and one child admission ticket to Defendant's LEGOLAND Discovery Center Westchester, in Yonkers, New York on December 10, 2023 through Defendant's website, legoland.com/new-york/. The transaction flow process he viewed on Defendant's website was substantially similar to that depicted in Figures 1 through 5 in this complaint.

10. Defendant LEGOLAND New York, LLC is a Delaware limited liability company. Defendant operates the LEGOLAND New York amusement park located in Goshen, New York.

11. Defendant LEGOLAND Discovery Centre (Meadowlands) LLC is a Delaware limited liability company. Defendant operates the LEGOLAND Discovery Center Westchester amusement park/museum located in Westchester, New York.

## RELEVANT FACTUAL ALLEGATIONS

12. When a park-visitor visits Defendant's website, https://www.legoland.com/new-york, on the main page, they can click the "BUY NOW" button to select various admission tickets to visit Defendant's amusement park in New York. *See* Figure 1, next page. This page states that a "1-Day Theme Park Ticket" starts at $39. The total cost of the ticket is not shown on this screen.

**Figure 1**



13. After a user selects the "BUY NOW" button, he is taken to an "Add to cart" screen which allows him to select the number of admission tickets he wishes to purchase. *See* Figure 2, next page. The "total cost" of any ticket, inclusive of fees, is not shown on this screen, in violation of New York Arts & Cultural Affairs Law § 25.07(4). *Id*.

5

Figure 2



14.     *After* a consumer selects the ticket or tickets he wishes to purchase, he can click the "Add to cart" button.  After the consumer clicks that button, he is taken to a screen showing special offers.   *See* Figure 3, next page.  After clicking the "No Thanks, Continue" button or the "Add to Cart" button, he is then taken to a Parking page.  *See* Figure 4, next page.

Figure 3



Figure 4



7

15. After a user clicks "Proceed to Cart" button, he is then taken to the checkout page, which actually includes the total cost of the ticket, including Defendant's $4.99 processing fee and tax. *See* Figure 5.

**Figure 5**



16. At this point, the ticket price increases from the original price of $39 displayed on Figure 1, to the $ 49 price quoted on Figure 2, to finally, the $57.97 price on Figure 5. Defendant's total cost per ticket is disclosed for the first time on this final screen.

17. The purchase flow process is substantially similar on https://www.legolanddiscoverycenter.com/westchester/, where consumers are also first shown prices of tickets without the total cost of the ticket being disclosed prior to the ticket being selected for purchase.

**NEW YORK ARTS & CULTURAL AFFAIRS LAW**

18. Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that "any licensee or other ticket reseller, or platform that facilitates the

sale or resale of tickets shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, <u>or any other fee</u> or surcharge to the purchaser. Such <u>disclosure</u> of the <u>total cost</u> and fees shall be displayed in the ticket listing <u>prior to</u> the ticket being <u>selected for purchase</u>." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id.*; *Compare with* Figures 1 and 2.

19. Shortly after the law was enacted, ticketing websites peppered the State of New York's Division of Licensing Services with questions about the scope of the law. As explained by the Division of Licensing Services, "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices." *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached hereto as **Exhibit A**, at 1. "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id*. "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser <u>should not then have to search for the total price</u> of the ticket <u>as the purchaser proceeds through the purchasing process</u>, it should continue to be readily available to the purchaser." *Id*. at 2 (emphasis added).

## CLASS ACTION ALLEGATIONS

20. **Nationwide Class:** Plaintiffs seek to represent a class defined as all individuals in the United States who purchased electronic tickets to Defendants' LEGOLAND New York Resort or LEGOLAND Discovery Center in Westchester, New York from Defendants' websites, legoland.com/new-york/ or https://www.legolanddiscoverycenter.com/westchester/ on or after

August 29, 2022. Excluded from the Nationwide Class is any entity in which Defendants have a controlling interest, and officers or directors of Defendants.

21. **New York Subclass:** Plaintiffs De La Cruz and Li also seeks to represent a subclass defined as all individuals in the state of New York who purchased electronic tickets to Defendants' LEGOLAND New York Resort or LEGOLAND Discovery Center in Westchester, New York from Defendants' websites, legoland.com/new-york/ or https://www.legolanddiscoverycenter.com/westchester/ on or after August 29, 2022. Excluded from the New York Subclass is any entity in which Defendants have a controlling interest, and officers or directors of Defendants.

22. Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Nationwide Class and New York Subclass number in the hundreds of thousands.[1] The precise number of Nationwide Class and New York Subclass members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Nationwide Class and New York Subclass may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

23. Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members. Common legal and factual questions include, but are not limited to: (a) whether Defendants failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts &

---

[1] According to the website traffic analytics company Similarweb, Defendant's website has received 3.96 million visits in the last three months, with 80.84% of the website traffic coming from the United States. *See* https://pro.similarweb.com/#/digitalsuite/websiteanalysis/overview/website-performance/*/999/3m?webSource=Total&key=legoland.com.

10

Cultural Affairs Law § 25.07(4); and (b) whether the displayed price of Defendants' tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4).

24. The claims of the named Plaintiffs are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiffs and the Nationwide Class and New York Subclass sustained damages as a result of Defendants' uniform wrongful conduct, based upon Defendants' failure to disclose the total cost of its tickets, including Defendants' processing fees, throughout the online ticket purchase process.

25. Plaintiffs are adequate representatives of the Nationwide Class and New York Subclass because their interests do not conflict with the interests of the Nationwide Class and New York Subclass members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Nationwide Class and New York Subclass members will be fairly and adequately protected by Plaintiffs and their counsel.

26. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Nationwide Class and New York Subclass members. Each individual Nationwide Class and New York Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and

comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
### New York Arts & Cultural Affairs Law § 25.07
### (On Behalf Of The Nationwide Class and New York Subclass)

27. Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

28. Plaintiffs bring this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendants.

29. Defendant LEGOLAND New York, LLC is a "operator… of a place of entertainment" because Defendant operates LEGOLAND New York Resort, which is a "place of entertainment." "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged." N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added).

30. Defendant LEGOLAND Discovery Centre (Meadowlands) LLC is a "operator… of a place of entertainment" because Defendant operates LEGOLAND Discovery Center in Westchester, New York which is a "place of entertainment." "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged." N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added).

31. Defendants violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figures 1 and 2 of this Complaint.

32. Defendants also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the price of its tickets during the purchase process, as depicted in Figures 3-6 of this Complaint.

33. Defendants' "processing fee" is an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

34. Plaintiffs purchased tickets on Defendants' websites and were forced to pay Defendants' processing fees.[2] Plaintiffs were harmed by paying this processing fee, even though that total cost was not disclosed to Plaintiffs at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

35. On behalf of themselves and members of the Nationwide Class and New York Subclass, Plaintiffs seek to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the members of the Nationwide Class and New York Subclass, pray for judgment as follows:

---

[2] Plaintiffs Chris Demmerle and Peng Li note that than were charged a $2.99 processing fee rather than the $4.99 Plaintiff De La Cruz was charged a $4.99 processing fee. On information and belief, the amount of processing fee varies depending on whether the consumer is a first responder and whether they are purchasing tickets to Legoland New York Resort (which typically has a fee of $4.99) or to a Legoland Discovery Center (which typically has a fee of $2.99). The purchase flow was otherwise substantially similar to what is depicted in this Complaint and the difference in the fee is immaterial to this lawsuit.

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representative of the Classes and Plaintiffs' attorneys as Class Counsel to represent the Classes;

(b) For an order declaring that Defendants' conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

(d) For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiffs and the Classes their reasonable attorneys' fees and expenses and costs of suit.

Dated: July 8, 2024　　　　　　　　　**BURSOR & FISHER, P.A**.

By:　*/s/ Philip L. Fraietta*
　　　　Philip L. Fraietta

Philip L. Fraietta
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Stefan Bogdanovich (*pro hac vice app. forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

14

E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiffs*

15