UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER DEMMERLE, RONNIERY DE LA CRUZ, and PENG LI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEGOLAND NEW YORK, LLC and LEGOLAND DISCOVERY CENTERS US LLC,<br><br>Defendants. | Civil Action No.: 7:23-cv-11141-KMK<br><br>Hon. Kenneth M. Karas |

### DECLARATION OF PHILIP L. FRAIETTA IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT

I, Philip L. Fraietta, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Bursor & Fisher, P.A., Class Counsel in this action. I am an attorney at law licensed to practice in the State of New York, and I am a member of the bar of this Court. I make this Declaration in support of Plaintiffs' Motion for Final Approval of Settlement and am fully competent to do so. I have personal knowledge of all matters set forth herein unless otherwise indicated, and, if called upon to testify, I could and would competently do so.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Parties' Class Action Settlement Agreement, and the exhibits attached thereto.

3. Beginning in November 2023, my firm commenced a pre-suit investigation of companies' violations of the newly-enacted New York Arts and Cultural Affairs Law ("ACAL") § 25.07(4), including Defendants Legoland New York, LLC and Legoland Discovery Centers US LLC ("Defendants"). The theory of liability was novel. No case had ever been brought

under ACAL § 25.07(4), nor had any court issued an opinion interpreting the statute. Thus, our investigation was extensive and involved in-depth research into the legislative history of ACAL § 25.07(4), issues pertaining to statutory interpretation under New York law, as well as factual research regarding Defendants' websites and implementation of processing fees.

4. On December 22, 2023, Plaintiffs Christopher Demmerle and Ronniery De La Cruz filed a putative class action in the United States District Court for the Southern District of New York. (ECF No. 1). The material allegations of the Complaint center on Defendants' alleged failure to disclose a "processing fee" in connection with the purchase of tickets to their LEGOLAND New York Resort (and when the First Amended Complaint was filed, the LEGOLAND Discovery Center, Westchester location as well) prior to those tickets being selected for purchase, in alleged violation of New York Arts and Cultural Affairs Law ("ACAL") § 25.07(4). (ECF Nos. 1 and 20).

5. Before Defendants formally responded to the Complaint, the Parties engaged in direct communication, and as part of their obligation under Fed. R. Civ. P. 26, discussed the prospect of resolution.

6. As part of the settlement negotiations, the Parties exchanged informal discovery, including on issues such as the size and scope of the putative class, specifically the amount of processing fees Defendants collected during the relevant time period. The Parties also discussed and debated the key facts, legal issues, litigation risks, and potential settlement structures.

7. Given that the information exchanged would have been, in large part, the same information produced in formal discovery related to issues of class certification and summary judgment, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses.

8. After Class Counsel received the information, counsel for the Parties had numerous conferences, and, on May 8, 2024, the Parties reached agreement on the material terms of a class action settlement and executed a term sheet.

9. The next business day, the Parties informed the Court of their settlement by phone, and the Court stayed all case deadlines and directed Plaintiffs to file a motion for preliminary approval. (ECF No. 16).

10. In the weeks following, the Parties engaged a Settlement Administrator and, in consultation with the Settlement Administrator on matters of notice and claims administration, negotiated the full-form Settlement Agreement.

11. Discovery showed that Defendants collected and retained $380,000.00 in allegedly unlawful fees from August 29, 2022 through and including January 30, 2024.

12. The resulting $350,000.00 proposed Settlement Amount secures extraordinary relief for the class. Based on Defendants' records the proposed Settlement Class includes approximately 72,000 bookings from August 29, 2022 to and through January 30, 2024, wherein the consumer paid a processing fee to gain entrance to Defendants' LEGOLAND New York Resort or Discovery Center in Westchester.

13. Pursuant to the terms of the proposed Settlement, every member of the Settlement Class who submits a timely and valid Claim Form will receive a pro rata cash payment from the Settlement Fund as a percentage of the total amount of fees paid to and received by Defendants during the class period, following the deduction of notice and claims administration costs, attorneys' fees and expenses, and the class representative service award, all of which will be paid from the Settlement Fund. Settlement ¶ 1.41; 2.1(b).

14. In addition, Defendants represent that they no longer charge processing fees for

electronic tickets to their Places of Entertainment and as a part of the Settlement agree not to reinstate the processing fee that was the subject of this litigation unless: (1) they clearly and conspicuously disclose the total cost of the tickets, inclusive of all processing fees, prior to the ticket being selected for purchase; or (ii) ACAL § 25.07(4) is amended, repealed, or otherwise invalidated. *Id.* ¶ 2.2.

15. On July 8, 2024, Plaintiffs filed their Motion for Preliminary Approval. (ECF No. 21). The Court preliminarily approved the Settlement on January 24, 2025. (ECF No. 34). Attached hereto as **Exhibit 3** is the Court's Preliminary Approval Order.

16. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determined all the contours of the proposed class, and reached a fair and reasonable compromise after negotiating the terms of the Settlement at arms' length.

17. Plaintiffs and Class Counsel recognize that despite our belief in the strength of Plaintiffs' claims, and Plaintiffs' and the Class's ability to secure an award of damages under ACAL §§ 25.07(4) and 25.33, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain. Thus, the Settlement secures a more proximate and more certain monetary benefit to the Class than continued litigation.

18. Plaintiffs and Class Counsel are also mindful that absent a settlement, the success of Defendants' various defenses in this case could deprive the Plaintiffs and the Settlement Class Members of any potential relief whatsoever. Still today, there is no binding authority on the statute and no case under the statute has progressed to contested class certification, summary judgment, or trial.

19. Defendants are represented by highly experienced attorneys who have made clear

that absent a settlement, they were prepared to continue their vigorous defense of this case, including by moving for summary judgment. More specifically, Plaintiffs and Class Counsel are aware that Defendants would continue to assert a number of defenses on the merits, including that Plaintiffs' allegations are insufficient under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), because (i) Plaintiffs fail to allege more than a "bare procedural violation" of the ACAL, (ii) Plaintiffs' claims are barred by the voluntary payment doctrine; (iii) Plaintiffs' allegations do not give rise to a viable claim for violation of ACAL § 25.07(4); and (iv) Defendants' processing fees are permitted under ACAL § 25.29. Critically, ACAL § 25.07(4) has hardly been litigated, and thus, the scope of the statute is in dispute as there is no binding authority interpreting the statute. Defendants would also oppose class certification vigorously, and Defendants would take the position that Plaintiffs are not entitled to bring their claims on a class wide basis. Defendants would likely argue that individual questions preclude class certification. Defendants would also likely argue that a class action is not a superior method to resolve Plaintiffs' claims, and that a class trial would not be manageable. Defendants would also prepare a competent defense at trial. And looking beyond trial, Plaintiffs are also keenly aware that Defendants could appeal the merits of any adverse decision.

20.  Plaintiffs and Class Counsel believe that the monetary relief provided by the settlement weighs heavily in favor of a finding that the settlement is fair, reasonable, and adequate, and well within the range of approval.

21.  Attached hereto as **Exhibit 2** is a current firm resume for Bursor & Fisher, P.A.

22.  As aforementioned, my firm, Bursor & Fisher, P.A., has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. (*See* Ex. 2; Firm Resume of Bursor & Fisher, P.A.). Indeed, my firm has brought several other cases on

behalf of putative class members for violations of ACAL § 25.07(4).  *See*, *e.g.*, *Norcross v. Tishman Speyer Properties, L.P.*, Case No. 1:23-cv-11153-JPO, ECF No. 36 (S.D.N.Y. Aug. 16, 2024) (granting final approval of similar ACAL § 25.07(4) settlement); *Charles v. Color Factory, LLC*, Case No. 1:24-cv-00322-JSR, ECF No. 48 (S.D.N.Y. Nov. 7, 2024) (same); *Puller v. Legends OWO, LLC*, Case No. 1:24-cv-00209-RA, ECF No. 43 (S.D.N.Y. Nov. 6, 2024) (granting preliminary approval of similar ACAL § 25.07(4) settlement and setting final fairness hearing for March 7, 2025).

23. In addition, my firm has also been recognized by courts across the country for its expertise. *See* Ex. 2; *see also Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) (Rakoff, J.) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008.") [1]; *In re Welspun Litigation*, Case No. 16-cv-06792-RJS (S.D.N.Y. Jan. 26, 2017) (appointing Bursor & Fisher interim lead counsel to represent a proposed nationwide class of purchasers of mislabeled Welspun Egyptian cotton bedding products).

24. Moreover, my firm has served as trial counsel for class action Plaintiffs in six jury trials and has won all six, with recoveries ranging from $21 million to $299 million.

25. Plaintiffs and proposed Class Counsel believe that the relief provided by the settlement weighs heavily in favor of a finding that the settlement is fair, reasonable, and adequate, and well within the range of approval.

26. The Settlement Agreement attached hereto as **Exhibit 1** is the only agreement in

---

[1] Bursor & Fisher has since won a sixth jury verdict in *Perez v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR (N.D. Cal.), for $267 million.

connection with the proposed settlement.

I declare under penalty of perjury that the above and foregoing is true and accurate.

Executed this 23rd day of April, 2025 at New York, New York.

                                                         */s Philip L. Fraietta*
                                                         Philip L. Fraietta